UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JOSE MANUEL GARCIA, | Case No. 16-cv-0911 H (PCL) |
|---|---|
| Petitioner, | **ORDER:** |
| v. | |
| SCOTT KERNAN, Warden, | **(1) GRANTING RESPONDENT'S MOTION TO DISMISS; AND** |
| Respondent. | **[Doc. No. 8.]** |
| | **(2) GRANTING PETITIONER 30 DAYS TO FILE A MOTION FOR RECONSIDERATION** |

On April 14, 2016, Petitioner Jose Manuel Garcia, a state inmate incarcerated at Kern Valley State Prison in Delano, California, and proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his July 23, 2012 state court conviction. (Doc. No. 1.) On August 24, 2016, Respondent filed a motion to dismiss the petition on the grounds that all of the claims in the petition have been procedurally defaulted. (Doc. No. 8.) To date, Petitioner has not filed an opposition to Respondent's

motion to dismiss.[1]  For the reasons below, the Court grants Respondent's motion to dismiss.

## Background

On November 16, 2011, a jury found Petitioner guilty of (1) conspiracy to commit murder in violation of California Penal Code §§ 182(a)(1) and 187; (2) attempted murder in violation of California Penal Code §§ 664 and 187; (3) solicitation of murder in violation of California Penal Code § 653f(b); and (4) assault with a deadly weapon by a prisoner in violation of California Penal Code § 4501. (Doc. No. 8-2, Ex. A at CT 238-41.) See People v. Garcia, No. D062370, 2014 WL 630307, at *1 (Cal. Ct. App. Feb. 19, 2014).  For each crime, the jury found true an allegation that Petitioner committed the offense for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote, further, and assist in criminal conduct by gang members within the meaning of California Penal Code § 186.22(b)(1).  (Id.)  The trial court sentenced Petitioner to an aggregate prison term of 25 years to life plus 19 years on July 20, 2012, and the trial court

---

[1]  Petitioner's opposition to the motion to dismiss was originally due on September 23, 2016. (Doc. No. 9.)  On September 19, 2016, Petitioner filed a motion for a 60-90 day extension of the time to file his opposition.  (Doc. No. 11.)  On October 19, 2016, the Court granted Petitioner's motion and extended the deadline for his opposition to December 23, 2016.  (Doc. No. 12.)

On December 15, 2016, Petitioner filed a second motion for a 30-90 day extension of time to file his opposition.  (Doc. No. 19.)  On December 21, 2016, the Court granted Petitioner's second motion and extended the deadline for his opposition to January 23, 2017.  (Doc. No. 20.)

After Petitioner failed to file an opposition by January 23, 2017, the Court sua sponte extended the deadline for Petitioner's opposition to February 24, 2017.  (Doc. No. 22.)  In that order, the Court explained that this was the last extension of time that the Court would provide to Petitioner, and the Court cautioned Petitioner that if he did not file an opposition by February 24, 2017, the Court might rule on the pending motion to dismiss without the opposition.  (Id.)

On February 27, 2017, Petitioner filed a document purporting to be a further extension of time. (Doc. No. 24.)  But a review of the filing reveals that it is the exact same filing as Petitioner's prior motion for extension of time.  (Compare Doc. No. 19 with Doc. No. 24.)  The Court previously granted this request for an extension time, extending the deadline to January 23, 2017 and later to February 24, 2017.  (Doc. Nos. 20, 22.)  Accordingly, the Court denies Petitioner's current request for an extension of time as moot.

later entered judgment on July 23, 2012. (Doc. No. 8-3, Ex. B at CT 344-47.) Garcia, 2014 WL 630307, at *1.

Petitioner appealed the trial court's judgment to the California Court of Appeal. (Doc. No. 8-3, Ex. B at CT 348-53.) On direct appeal, Petitioner challenged his conviction and sentence on the following grounds:

> (1) the [trial] court's clarifying instruction on the attempted murder charge, informing the jury in response to Jury Note No. 3 that the term "a person" in CALCRIM No. 600, referred to "a defendant," deprived him of due process "when it effectively omitted the required finding of the actual perpetrator's specific intent to kill for derivative culpability based on aiding and abetting and/or conspiracy"; (2) if [the appellate court] determines that his counsel invited the trial court's erroneous clarifying instruction, counsel rendered ineffective assistance of counsel in violation of the Sixth Amendment; (3) the [trial] court prejudicially erred when it failed to instruct the jury sua sponte on conspiracy to commit assault with a deadly weapon as a lesser included offense of conspiracy to commit murder (count 1); (4) the court erred when it imposed the count 1 consecutive 10–year gang enhancement under section 186.22, subdivision (b)(1)(C) because Garcia was sentenced to a life term for his count 1 conviction of conspiracy to commit murder, and, thus, the [trial] court should have imposed—under the mandatory alternative sentencing provisions of section 186.22, subdivision (b)(5)—a minimum term of 15 years before Garcia may be considered for parole; (5) the [trial] court erred when it imposed 10–year gang enhancements under section 186.22, subdivision (b)(1)(C) as to count 3 (solicitation of murder) and count 4 (assault with a deadly weapon by a prisoner) because neither offense is a violent felony within the meaning of that subdivision' and (6) the [trial] court erred when it failed to stay under section 654 the sentence imposed for his attempted murder conviction (count 2) because he was separately punished for his conviction of conspiracy to convict murder (count 1) and the attempted murder was the object of the conspiracy.

Garcia, 2014 WL 630307, at *1. (See Doc. No. 8-4, Ex. C at 22-87.) The California Court of Appeal noted that, on appeal, the government agreed with Petitioner's three claims of sentencing error, and, therefore, the Court of Appeal ordered that Petitioner's sentence must be modified and remanded the action for resentencing. Garcia, 2014 WL 630307, at *2. Nevertheless, the California Court of Appeal rejected Petitioner's challenges to the

validity his conviction and affirmed the judgment of conviction as modified. See id. at *2, 14.

On March 24, 2014, Petitioner filed a petition for review with the California Supreme Court. (Doc. No. 8-8, Ex. G.) On June 11, 2014, the California Supreme Court summarily denied the petition in an order stating: "The petition for review is denied." (Doc. No. 8-9, Ex. H.) On remand, the trial court resentenced Petitioner to an aggregate term of 25 years to life plus nine years. (Doc. No. 8-11, Ex. J at 1.)

On December 18, 2014, Petitioner filed a petition for writ of habeas corpus in California Superior Court. (Doc. No. 1-1 at 136-37.) On January 12, 2015, the California Superior Court denied the habeas petition on the grounds that Petitioner failed to state a prima facie claim for relief. (Id. at 140-49.)

On February 4, 2015, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, alleging the following grounds for relief: (1) insufficiency of the evidence; (2) entrapment; (3) juror bias and misconduct; (4) ineffective assistance of trial counsel; (5) ineffective assistance of appellate counsel; (6) erroneous imposition of fines and fees; (7) a sentence that constitutes cruel and unusual punishment; and (8) cumulative effect of error. (Doc. No. 8-10, Ex. I.) On March 5, 2015, the California Court of Appeal denied the habeas petition. (Doc. No. 8-11, Ex. J.) The California Court of Appeal held that all of the claims in the habeas petition were procedurally barred. (Id. at 2.) The Court of Appeal explained:

> The claims are untimely because Garcia waited more than two years after he was sentenced to assert them, but has offered no explanation for the delay. (In re Reno (2012) 55 Cal. 4th 428,459; In re Swain (1949) 34 Cal. 2d 300, 302.) The claims (with the possible exception of those alleging ineffective assistance of counsel) are also barred because they could have been asserted on appeal, but were not. "[A] litigant is not entitled to raise an issue on habeas corpus after having failed to raise the same issue on direct appeal." (In re Reno, supra, at p. 490.) Indeed, the bulk of Garcia's claims are of the type commonly asserted on appeal, a remedy he already pursued. "[H]abeas corpus ordinarily cannot serve as a second appeal." (In re Waltreus (1965) 62 Cal. 2d 218, 225.)

(Id.)  The Court of Appeal also rejected all of the claims in the petition on the merits.  (Id. at 2-4.)

On May 26, 2015, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court, raising the same grounds for relief as his prior state habeas petition filed in the California Court of Appeal.  (Doc. No. 8-12, Ex. K; compare Doc. No. 8-10, Ex. I at i-iv with Doc. No. 8-12 Ex. K at i-iv.)  On October 14, 2015, the California Supreme Court summarily denied the habeas petition.  (Doc. No. 8-13, Ex. L.)

On April 14, 2016, Petitioner filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal court challenging his July 23, 2012 state court conviction.  (Doc. No. 1.)  In the present federal habeas petition, Petitioner alleges the same grounds for relief as contained in his prior state habeas petition that was filed in the California Court of Appeal: (1) insufficiency of the evidence; (2) entrapment; (3) juror bias and misconduct; (4) ineffective assistance of trial counsel; (5) ineffective assistance of appellate counsel; (6) erroneous imposition of fines and fees; (7) a sentence that constitutes cruel and unusual punishment; and (8) cumulative effect of error.  (Compare Doc. No. 1 at ii-vi with Doc. No. 8-10, Ex. I at i-iv.)  On April 21, 2016, the Court dismissed the habeas petition without prejudice for failure to pay the filing fee or to move to proceed *in forma pauperis*.  (Doc. No. 2.)  On May 16, 2016, Petitioner paid the required filing fee, and the Court reopened the action.  (Doc. No. 3.)

By the present motion, Respondent moves to dismiss the habeas petition.  (Doc. No. 8-1.)  Specifically, Respondent argues that all of the claims in the present habeas petition should be dismissed, because they are all barred as procedurally defaulted.  (Id. at 1.)

## Discussion

**I.    Legal Standards Governing Procedural Default**

"The question of whether a habeas petitioner has procedurally defaulted on certain claims is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ('AEDPA')."  Cooper v. Neven, 641 F.3d 322, 326 (9th Cir. 2011).

"AEDPA mandates that habeas petitioners exhaust their claims in state court before raising them in federal court." Id.; see also Dixon v. Baker, 847 F.3d 714, 718 (9th Cir. 2017) ("[B]efore a [§ 2254] petition may be heard, the petitioner must 'seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error.'"). Exhaustion requires the petitioner to "fairly present" his claims to the highest court of the state "by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see Cooper, 641 F.3d at 326. "This exhaustion requirement is . . . grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991).

"In addition to the exhaustion requirement, a federal court may not hear a habeas claim if it runs afoul of the procedural bar doctrine." Cooper, 641 F.3d at 327. "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." Coleman, 501 U.S. at 731–32. Further, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Id. at 729. Thus, "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750.

"State procedural rules must be both independent and adequate in order to bar federal habeas review." Cooper, 641 F.3d at 327. A state procedural rule "is independent unless it appears 'to rest primarily on federal law or appears to be interwoven with federal law.'" Tong Xiong v. Felker, 681 F.3d 1067, 1075 (9th Cir. 2012). A state procedural rule is

adequate if it is "'firmly established and regularly followed'." Walker v. Martin, 562 U.S. 307, 316 (2011).

## II.     Analysis

Respondent argues that all of the claims in the present habeas petition are procedurally defaulted and, therefore, are barred from federal habeas review and should be dismissed. (Doc. No. 8-1 at 3.) Specifically, Respondent argues that Petitioner previously raised all of the claims in the present federal habeas petition in a state habeas petition, but the California Court of Appeal denied all of the claims on state procedural grounds. (Id.) Respondent argues that because the California Court of Appeal's decision rested on these independent and adequate state procedural rules, all of the claims are barred from federal habeas review unless Petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice, which he has failed to do so. (Id. at 3-9.)

All of the claims in the present federal habeas petition were previously presented to the state courts through state habeas petitions. (Compare Doc. No. 1 at ii-vi with Doc. No. 8-10, Ex. I at i-iv; Doc. No. 8-12 Ex. K at i-iv.) The California Supreme Court summarily denied all of these claims without citation to any authority. (Doc. No. 8-13, Ex. L.) Where there is an unexplained decision from the state's highest court, a federal habeas court "looks through" to the last reasoned state court decision and presumes that the unexplained opinion rests upon the same ground. Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); see Reis-Campos v. Biter, 832 F.3d 968, 973 (9th Cir. 2016). Accordingly, because the California Supreme Court summarily denied the claims at issue, the Court looks through that decision to the California Court of Appeal's reasoned decision denying the claims as procedurally defaulted. See, e.g., Bonner v. Carey, 425 F.3d 1145, 1148 & n.13 (9th Cir. 2005), amended, 439 F.3d 993 (9th Cir. 2006) (looking through California Supreme Court's summary denial of a state habeas petition to the lower state court's reasoned decision denying the petition on state procedural grounds).

The California Court of Appeal denied all of the habeas claims as untimely with citations to In re Reno, 55 Cal. 4th 428, 459 (2012) and In re Swain, 34 Cal. 2d 300, 302 (1949).[2] (Doc. No. 8-11, Ex. J at 2 ("The claims are untimely because [Petitioner] waited more than two years after he was sentenced to assert them, but has offered no explanation for the delay.").) See also Flores v. Cate, 534 F. App'x 642, 643 (9th Cir. 2013) (finding that a citation to Swain indicates a determination that the state habeas petition was untimely under California law where the citation was accompanied by a reasoned determination that the petition was untimely as a matter of law"). The U.S. Supreme Court has held that California's timeliness rule for state habeas petitions constitutes an independent and adequate state procedural ground barring subsequent habeas relief in federal court. See Walker, 562 U.S. at 317; see also Ayala v. Chappell, 829 F.3d 1081, 1095 (9th Cir. 2016) ("Walker holds that California's timeliness rule is an independent and adequate state law ground sufficient to bar federal habeas relief on untimely claims."). Accordingly, the California Court of Appeal's denial of Petitioner's habeas claims as untimely constitutes an independent and adequate procedural ground barring all the claims in the present federal habeas petition unless Petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.

The California Court of Appeal also denied all of the habeas claims, except for Petitioner's IAC claims, as barred on the ground that they could have been asserted on direct appeal but were not, with a citation to Reno, 55 Cal. 4th at 490.[3] (Doc. No. 8-11, Ex. J at 2 ("The claims (with the possible exception of those alleging ineffective assistance

---

[2] The cited portion of Reno provides: "A criminal defendant mounting a collateral attack on a final judgment of conviction must do so in a timely manner. 'It has long been required that a petitioner explain and justify any significant delay in seeking habeas corpus relief.'" 55 Cal. 4th at 459. The cited portion of Swain provides: "It is the practice of this court to require that one who belatedly presents a collateral attack such as this explain the delay in raising the question." 34 Cal. 2d at 302.

[3] The cited portion of Reno provides: "[A] litigant is not entitled to raise an issue on habeas corpus after having failed to raise the same issue on direct appeal." 55 Cal. 4th at 490.

of counsel) are also barred because they could have been asserted on appeal, but were not.").) This ground for denial of a habeas claim by a California state court is commonly referred to as the Dixon bar, named after the California Supreme Court's decision in In re Dixon, 41 Cal.2d 756, 759 (1953).[4] See Johnson v. Lee, 136 S. Ct. 1802, 1804 (2016) ("Like all States, California requires criminal defendants to raise available claims on direct appeal. Under the so-called 'Dixon bar,' a defendant procedurally defaults a claim raised for the first time on state collateral review if he could have raised it earlier on direct appeal."). The U.S. Supreme Court has held that California's Dixon bar to state habeas claims constitutes an independent and adequate state procedural ground barring subsequent habeas relief in federal court. See id. at 1806 ("[The Dixon bar] qualifies as adequate to bar federal habeas review."). Accordingly, the California Court of Appeal's denial of Petitioner's habeas claims, except for his IAC claims, for failure to raise them on direct appeal also constitutes an independent and adequate procedural ground barring those claims in the present federal habeas petition unless Petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.[5]

---

[4]     Although the California Court of Appeal did not directly cite to Dixon in its decision, the Court of Appeal cited to a portion of the California Supreme Court's decision in Reno discussing the Dixon bar. (Doc. No. 8-11, Ex. J. at 2 (citing Reno, 55 Cal. 4th at 490 ("Closely related to the Waltreus rule is the analogous one set forth in In re Dixon . . . : '[T]he writ [of habeas corpus] will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction.' . . . Like the Waltreus rule, the Dixon rule is consistent with the concept of habeas corpus as an extraordinary remedy available in those infrequent and unusual situations in which regular appellate procedures prove inadequate. In short, a litigant is not entitled to raise an issue on habeas corpus after having failed to raise the same issue on direct appeal.")).)

[5]     In addition, specific to ground two of Petitioner's federal habeas petition – his sufficiency of the evidence claim – the California Court of Appeal also held that this claim is barred by what is commonly referred to as the Lindley rule, named after the California Supreme Court's decision in In re Lindley, 29 Cal. 2d 709, 723 (1947). (Doc. No. 8-11, Ex. J at 2 (citing Reno, 55 Cal. 4th at 505 ("[C]laims of the insufficiency of evidence to support a conviction are not cognizable in a habeas corpus proceeding. (In re Lindley, supra, 29 Cal. 2d at p. 723, 177 P.2d 918.)")).) The Ninth Circuit has held that the denial of a state habeas claim pursuant to Lindley represents an independent and adequate state procedural ground barring subsequent habeas relief in federal court. See Carter v. Giurbino, 385 F.3d 1194, 1198 (9th Cir. 2004). Accordingly, the California Court of Appeal's denial of Petitioner's insufficiency of the evidence claim under the Lindley rule also constitutes an independent and adequate procedural ground

Here, Petitioner has not attempted to demonstrate cause for the procedural default and actual prejudice as a result of the alleged violations of federal law. See Maples v. Thomas, 565 U.S. 266, 280 (2012) (explaining that for the bar to federal review to be lifted, the petitioner must demonstrate cause and prejudice). Indeed, Petitioner has not even filed an opposition to Respondent's motion to dismiss. "Cause for a procedural default exists where 'something external to the petitioner, something that cannot fairly be attributed to him[,] . . . "impeded [his] efforts to comply with the State's procedural rule."'" Id. Petitioner has failed to identify anything extern to himself that impeded his ability to comply with the California's timeliness rule for filing state habeas petitions. Accordingly, Petitioner has failed to demonstrate cause and prejudice.

In addition, Petitioner has not attempted to establish the fundamental miscarriage of justice exception to the procedural default bar. "To establish a 'fundamental miscarriage of justice,' [the petitioner] must show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Wood v. Ryan, 693 F.3d 1104, 1117 (9th Cir. 2012) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Petitioner has failed to show that a constitutional violation has probably resulted in the conviction a person who is actually innocent. Indeed, in his entrapment claim in the present petition, Petitioner appears to acknowledge that he committed the offenses at issue. (See Doc. No. 1 at 79-81.)

Accordingly, Petitioner has failed to demonstrate that an exception to the procedural default rule applies. In sum, all of the claims in Petitioner's § 2254 habeas petition are procedurally defaulted, and, therefore, these claims are barred from federal habeas review, and the Court must dismiss these claims.[6]

---

barring that claim in the present federal habeas petition unless Petitioner can demonstrate an exception applies.

[6] In addition, the Court notes that in Petitioner's thirteenth ground for habeas relief in his federal habeas petition, Petitioner challenges the trial court's restitution award. (Doc. No. 1 at v.) This claim fails on the merits because the Ninth Circuit has held that challenges to a restitution award are not cognizable through a § 2254 habeas petition. See Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010)

## Conclusion

For the reasons above, the Court grants Respondent's motion to dismiss, and the Court dismisses Petitioner's § 2254 habeas petition with prejudice. In light of the fact that Petitioner failed to file an opposition to Respondent's motion to dismiss, the Court notifies Petitioner that he may file a motion for reconsideration of the Court's order granting Respondent's motion to dismiss within **thirty (30)** days from the date this order is filed.

**IT IS SO ORDERED.**

Dated: March 6, 2017

Hon. Marilyn L. Huff
United States District Judge

---

("[T]he imposition of a fine, by itself, is not sufficient to meet § 2254's jurisdictional requirements."). Accordingly, the Court also dismisses Petitioner's habeas claim challenging the trial court's restitution award on the ground that that particular claim fails to state a cognizable ground for § 2254 habeas relief.

11

16-cv-0911 H (PCL)